The court now calls case 118975 People of the State of Illinois ex rel. Patrick Mcguire et al. D.G. Enterprises LLC Will Tax LLC v. Vincent F. Cornelius. Are you ready to proceed? Yes. If it pleases the court, my name is Timothy Clark. I'm counsel for the appellant D.G. Enterprises in this matter. This case involves a tax deed, specifically an order for a tax deed issued by the 12th Judicial Circuit, which was subsequently collaterally attacked pursuant to or underneath a motion brought pursuant to section 2-1401 of the Illinois Code of Civil Procedure. The order for a tax deed initially entered contained certain findings, findings that all the proper notices had been given or attempted to be served and that the petitioner was entitled to a tax deed. Some 68 days later, the property owner at that time filed their section 2-1401 motion to vacate. The trial court entered their or its order vacating the order for a tax deed on the basis that the property owner had not been served with what is referred to in the trial court decision as a failure to obtain personal jurisdiction over the property owner. This despite the fact that a publication notice under section 2-220 of the property tax code had been published giving notice of dependency of the appellant's application for tax deed. Upon reversal, we went to the 3rd District Appellate Court. The 3rd District Appellate Court rendered a decision which was modified upon re-hearing which affirmed the trial court on the basis that the order for tax deed was void because of an error in the section 2-210 take notice. The error was that the take notice didn't contain the street address of the office of the clerk of Will County, Illinois, which is where tax redemptions are made, or the clerk's phone number. As we know, section 2-210 take notices are a statutory form set forth by the legislature. It's kind of a fill in the blank thing. And one of the items is contact the county clerk for more information and it leaves a blank for the I would note that the attempts at service were made in the 3 traditional ways, or excuse me, the 2 traditional ways made upon the property owner of a take notice in that situation. That being by certified mail return receipt requested from the clerk of the court and also personal service either through the due to the error in the format of the take notice that was attempted to be served on the property owner, that the order for tax deed was void. And the word void is what brings the appellant here today. The word void, as the appellant sees it and as it reads the appellate court decision, indicates that the error in the tax deed notice, the take notice, equates to a lack of jurisdiction, meaning a lack of personal jurisdiction over the property owner. And we would respectfully note that that is an error. All tax deed proceedings are strictly an interim proceeding. They require no personal jurisdiction, no service of a summons upon a property owner or other person interested in the property. Yes, they receive notices. Those notices are designed to comport with due process requirements. But the only jurisdictional requirement that need be met under the property tax code and under prior precedent is that the court jurisdiction over the property. And once an order for sale of the property due to delinquent taxes attaches, there's only no jurisdiction to proceed if the real estate taxes were paid prior to the tax sale or if the property was exempt from taxation. Once that order for the property to be sold at a tax sale enters, that's all the jurisdiction that the circuit court requires to proceed. Issues as to whether the notice, the take notice that's at issue here today, is sufficient or not really goes to whether the court should enter the order directing the issuance of tax deed, not as to any jurisdictional defect. So the makes the order for tax deed voidable but not void. It's been long established under Illinois law, precedents such as Vulcan v. B, that a tax deed order is only rendered void by a lack of jurisdiction, not by some other impropriety in the tax deed procedure, such as a defect in the take notice. There were various appellate court decisions as to the sufficiency of notice as to whether a trial court should enter an order for tax deed or not arising under different or varieties of circumstances. In a case known as SI v. Paulus, an error in the legal description may make an order for tax deed voidable, but it doesn't necessarily do so. And that's a case that arose under a Section 214.01 opinion. There's a case, Merkley, that was a trial level case where the property owner came in and had the petition for tax deed directly at the trial court level. There was no street address as required by the take notice form. The trial court held in the appellate court affirmed. The legal description's there. The PIN number's there. Mr. Property Owner, if you needed to know exactly what the property was, you could go get a Sidwell map. By use of the word Sidwell map, I think we all can agree. We know it's a case from the Another case where there was an error, Midwest v. Anderson, was a collateral attack on the order issuing the tax deed itself, but it was filed three days after the order for entry of the tax deed, which is somewhat of a critical decision. Or v. Prairie Material, there was an error in the city. The There's been various errors allowed, various errors disallowed. Error in the correct recitation of tax certificate number was not allowed, but yet you can have these errors in legal descriptions. The appellate court focused and said that you're making it more difficult for the property owner to get the Respectfully, as we pointed out, the county clerk's address and phone number is kind of information that's relatively easily obtainable, I think, by anyone. It's not something that would be in the purview only of counsel or the tax deed petitioner or in the county recorder's office, because most people don't know what their legal description is. You've got to go find your PIN number. And certainly the tax deed buyer and perhaps the county clerk were the only people who would know what the tax certificate number is. But a phone number, I think, is something relatively easily obtainable, and I don't think that that's the sort of error that should rise to the level of invalidating the Section 2210 notice. But even if it did, there are further problems with the appellate court decision affirming the trial court. The attack on the form of the take notice is a collateral attack on the order for issuance of the tax deed. And a collateral attack on the issuance of the order for tax deed, specifically with regard to the form of the notice, can only occur within 30 days of the entry of the order for tax deed. And that is mandated by the provisions of not only the property tax code, but a section of the Code of Civil Procedure. And that's also the lesson of Smith v. DRG, this court's opinion, holding specifically that. Recently, a case, Hammond v. SI Boo, involved a property tax owner trying to issue a collateral attack on the 2210 notice, just like here, for a failure to list the address of the courthouse. In this case, the take notice should have included that the court hearing was scheduled to be heard at the Richard J. Daly Center and then the address of the Richard J. Daly Center. I just simply said the Richard J. Daly Center set up the time and date courtroom for the hearing. No address. The property owner sought to attack that notice. His motion to vacate was filed five years after the order for deed was entered. And it was on the basis, or on the claim, that the take notices were void and therefore the whole proceeding was void. And that argument was rejected by the court in Hammond v. SI Boo. Mr. Clark, I want to make sure I understand some chronology here. The unpaid taxes were purchased in 2007, is that correct? I believe so, yes, Your Honor. And then the redemption period expired in 2011? I mean, my notes say November 4, 2011. What I'm trying to sort out is the purchase in 2007, that was for the unpaid taxes for one year or was it for more than one year? The purchase of the taxes, the taxes were the 2007 delinquent taxes as they were purchased in 2008, Your Honor. What was the last thing you said? 2008. 2008, okay. And then in the subsequent years between 2007 and 2011, what happened? Taxes were paid, unpaid? Well, between the date that my client bought the taxes and the date that the matter went to hearing, I don't believe any of the, as I recall the record, and I did not handle this at the trial court level, so I'm relying on everything that I see in the paper and in the written record. The taxes were never paid. In fact, there was an intervening purchase of subsequent taxes that were sold prior to my client's application for filing his petition for tax in order to obtain their tax fee through the petition for tax fee filed in this case. And once the unpaid taxes are purchased, is there an obligation by the purchaser to act in a certain time frame to notify the original tax payer? When the initial tax sale occurs, there's a requirement an initial take notice be issued that the tax purchaser delivers to the county clerk, the county clerk mails it out, and then the period of redemption starts to run, period of redemption is fixed for various times, it can be extended at the option of the tax purchaser up to a maximum of three years from the date of the sale or purchase of the unpaid taxes. But no more than that three-year time period. And once a tax purchaser files their application for tax fee, they cannot unilaterally extend the period of time for redemption, that would have to be through court order at that point in time. But again, the court can never extend it, nor can anyone extend it beyond three years from the date of the sale or purchase of the unsold taxes. Well, was there a change in title or a change in the mortgage status between 2007 and 2011? Title, no, mortgage, I cannot speak to it. I mean, there's a reference. I do not recall if there was a change in the mortgage status or not in dependency of the action plan. Well, there's a reference in the brief that when there were these multiple attempts to serve, that if a simple search of the records, public records would have shown there was a release of mortgage that had another name involved. Well, the release of the mortgage issue goes to an issue that has been raised by the appellee as to the diligence of the search. While I've handled a fair amount of tax deed petitions now, having more or less inherited a practice that involved a fair amount of those, and plus having handled them in the past, when a tax deed or a tax certificate purchaser, and that's what the appellant is, they buy tax certificates and then apply for tax deeds, conducts their search, the diligent search to determine who's interested in the property, they usually go through a number of steps. They most commonly will order a commitment for title insurance to determine who's interested in the property. They will also investigate as to whether anyone's occupying the property, whether there are any other unsold taxes on the property, and the like. Commonly, when I look at them, I look at the title of commitment that comes, but then I like to search the county reporter's records myself. Well, counsel, that's informative, but we need to know what happened in this case. Well, my point is this, is that the fact that there was a different name, it was a different mail-to name on the mortgage release, it was like equivalent in my mind, upon reviewing the record, as if I had closed a real estate deal and instructed the title company to mail the deed to me so I could make sure it was recorded correctly and make a copy and mail it out to my client. That just is a name that pops up outside the chain of title, and the interested parties that you need to notify in a tax deed proceeding have to be somewhat within the chain of title. It's not just everybody and everybody, because otherwise you could have... Okay, but my question was, did title change or mortgage change? If I understand your answer, the title remained the same. Title remained the same. Okay. The mortgage release would not have triggered anything in my mind, so... Before you sit down, Mr. Clark, I'd like to just talk, and I'm going to have the same question for Mr. Mahoney, but 2280 requires that the taxpayer make payment within 90 days of the order overturning the tax deed. That's correct. The judge didn't do that in this case. That was an order at the trial court level. Mr. Mahoney and I had a discussion about some events that occurred outside the record prior to the appellate court that I was unaware of. The appellate court, when it was raised in the motion to reconsider, did not address the issue. At some level, 2280 relief to the appellant is appropriate if this case is affirmed or modified in some manner such that... So you don't have any vehement objection if... Well, you have a vehement objection that we agree with. The council is going to get up here. I understand that. But if we affirm in this case, this court does have the opportunity to correct it. Right. I do believe... I think affirming would not be in the best interest... Well, not only in my client's interest, but there's problems with affirming the decision just as it is, which hopefully I'll have an opportunity to address in my rebuttal time. But if you do affirm or modify and let the decision stand where the property owner retains the property, we would ask for relief under 2280, obviously. Right. And then this court could order, from the time the trial judge order is signed, 90 days from that period forward. Well, I think it would be... I would say it would have to be 90 days forward from this date. I believe my client has advanced all the taxes subsequent while this case has been pending because I believe that the county recorder still shows him in title and he's been receiving the bills. Okay. Thank you. Thank you. If it pleases the court, Mr. Cordelius, Mr. Clark, I'm George Mahoney. The issue today, as I see it, really comes down to something really quite simple, and it relates to this piece of paper. And you're going to find this at page 88 of the record because this is the notice that's the subject of this proceeding today. It's about 3 1⁄2 inches by 1 3⁄4 inches, and if you fold it back so it's just the notice itself without the name of counsel, it loses about an inch. But if you consider this, that there was a very, very unlikely opportunity and like chance that Ms. Cordelius would ever see this published in a small weekly newspaper, this was the only notice she would have received. Can we talk about that for just a second, Mr. Mahoney? Absolutely, Your Honor. It's a little confusing because you're showing, and that's why I want to understand your argument on this, you are showing the notice that you say doesn't exist, right? No, I'm showing the notice that does exist. Right, but you indicated that petitions filed show that the notice is required, so I guess it's as required by 2220. Exactly, so where I'm coming from, Your Honor, is that the notice required is under Section 2210. And that notice, as you'll see, is very broad, very specific, statutory form. And what does that notice do, essentially? That notice is a statutory form notice that's designed to enforce the constitutional protections from the opportunity of a person to lose their property under Article I, Section 2 of the Constitution. And so this notice is entirely different than that statutory notice, which is part of that due process scheme to give the property owner notice that they had better do something. And that 2210 notice, and, Your Honor, it's commonly called the Take Notice 2 because it's filed after the initiation of the proceeding to get a tax fee. That notice has very specific warnings to protect the constitutional rights of the property owner. For example, in that 2210 notice, it's in bold letters, this property has been sold for delinquent taxes. In bold letters, it says you are urged to redeem immediately to prevent loss of property. And so it's designed for the diverse people of Illinois to give them notice that they had better do something, and you compare it with this notice that was published, it has none of those warnings. So you're saying 2210 versus 2220, that 2210 should have been filed? Correct. And I guess this might just be a typo, but your quote here, which I was getting to, was that the 2220 was not filed. No, the 2220 was filed. Okay, so that would be an error. So that's just a typo. Because 2220 doesn't even require an address and number of the county clerk, right? Exactly, exactly. And so these mandatory forms have meaning statutorily, and as you'll see in the 2210 notice, the address and phone number of the county clerk are capitalized. And they have to have meaning for the property owner and from the legislative scheme. And so in this case, the property owner was not served with any of the notices. They were returned unclaimed. The attempts at service, 11 attempts, were unsuccessful. The 2210 notice was never published. And so as a result, the mandatory publications, the mandatory service of the correct notice was never accomplished. So this is more than just the fact that the address and phone number of the county clerk were omitted. That's correct, Your Honor. I mean, it gets to really the fundamental notice requirements under the statute to property owners, and it falls directly with the public policy of Illinois, which is essentially to cajole and to move ahead a property owner, and this is under the Midwest real estate case that we've cited, to pay their taxes while not having courts assist the tax buyer in removing property from a property owner. And so it's really kind of a statutorily unique, curious method which under this scheme really encourages or could result in possible conflict of interest, probably very specific conflicts of interest, as well as other mischief because the very entity that's supposed to do all these things, to give those correct statutory notices, to provide proper service on the parties, to do due diligence and to comply with the due process requirements, is the very entity that wants to take the property from the owner. Did the notice that was published comply with Section 2220, the statutory requirements? Judge, if you look at it directly, it does. So is your argument basically that the statutory scheme is deficient and we should still find? Exactly. And if I can address that and answer your question, the statutory scheme is very specific because what it does is it has mandatory form language. It doesn't allow the tax buyer to use its own form. It's a statutory form with statutory service and notice requirements. And the issue is, as I see it, Your Honor, is there's a very, very heightened requirement statutorily to advise everybody who would understand because the language in the notice is very understandable to most people, it should be, so that they have the opportunity to redeem their property in conformance with the Illinois public policy. But in this case, the 2220 notice, as I see it, is really illustrative and not a limitation. And the reason I say that is if the intent is that you only do the 2220 notice, that's A through F with the statute as you've seen, it really is conflicting and contradictory from the intent of the something, that they're losing their property, that they have property rights to protect. And this, as you will see from the notice that was in fact published, does not do that at all. For instance, the distinction is under 2210, it has a specific provision that says you may be present at the hearing, notice of an opportunity to be heard, but your right to redeem will have already expired at that time. Critical component. So that people know they have to do something before the court date. And yet if you look at the notice that was published here, it doesn't give that due process warning to those people who would be receiving it. Mr. Mahoney, did you hear Mr. Clark talk about how when he gets up here again, he's going to talk about the rationale of the appellate court in this case? I did. Okay. And since you're not going to be able to get up again, do you have problems with the rationale? Is your basis for affirming different than the basis in looking at the appellate court opinion? Well, I see it, Your Honor, as part and parcel to this extent. The legislature heightened the requirements just by their topography in that notice to have the county clerk's address and phone number listed. And the reason, as I see it, is since the tax buyer is the one who is doing all this process, the legislature wants the property owner to go directly to the county clerk, who would be the logical governmental choice to say, here's what you have to do to redeem your property. And unlike Mr. Clark, I don't think that the property owners should be required to go out and ferret where the address and what the telephone number of the county clerk is because it's a critical component. It's a necessary statutory component. So to that extent, Your Honor, I agree with the court, but I think it gets essentially to the quality of notice and that does the notice meet the due process requirements. You're not hanging your head in void, Mr. Clark. Well, let's talk about that if we can. And I'm referencing now the Devon case. And that case talked about jurisdiction, personal jurisdiction, but it was a bit more than that because where Devon, as I read it, went is that, yes, you have to have in rem jurisdiction, but you also have to meet the constitutional standards to give effective notice to a person. And that's where I think the Devon court was when they're talking about void because that court found those notices void because there was an absolute lack of notice in that case. And so in this case, I'm suggesting, Your Honor, that because the wrong notice was used, it's like no notice at all. And then under 2220, the impression and the implication is, is that the property tax buyer would fully comply that they would, in fact, publish the 2210 because it was a mandatory publication. And so, yes, in part I agree with the appellate court, but I take it a bit farther. Of course, the appellate court, if I understood it correctly, said because it was missing the clerk's telephone number and name or address, whichever it was, the notice wasn't sufficient, and that was tantamount to no notice. Of course, those notices were never served, so what difference does that make? And they were not served. Right. No notices were served on Mrs. Cordelia. Right. So if there was nothing in the notices, it wouldn't make any difference. So it seems to me your case hinges on whether the 2220 notice was sufficient. Correct. And so, Your Honor, if you consider, for instance, the 2230 notice, and this is the notice when, and it's a separate notice, and it talks about you've got to do some things publication-wise that would advise owners that a tax deed proceeding has started. But in this instance, I think it brings the statutory scheme together, and the reason why I think the 2210 notice is so critical is in that section it says you can do it in the one notice under 2210, so you comply. There is no notice requirement in the statute to do a 2220 notice except for under 2245, which is the compliance component that is before you today. And so none of the predicate publications require the 2220 notice. It's simply all of the publications are under 2210. So the issue then, as I see it, gets to the next component under 2245, and those are several. First is, was there due diligence? Because this court, other courts have said, you know, if you are not diligent, it goes to the due process rights as well as, obviously, to the notice rights. And there was a question asked about the mortgage release. Well, in this instance, there was, in fact, a title search done by Fidelity and Pirate, and that was a record. But it's clear from the report of proceedings of the case that there was no personal inspection of the public records, but it was done through the title company. But if a person had gone through those public records, they would have seen a deed, and the deed would reflect the name, return the deed to, and it had the name of Vincent Cornelius with a street number and address. And this is kind of like the low two case that this court decided, where there was no service on the person who was the owner of the house, but what did that tax buyer do? That tax buyer went out and, in fact, looked at the public records, saw the deed that was the original deed to the property owner, and attempted to serve the attorney who was the preparer of that deed. That person did something. It's talked about in that decision regarding flowers. For example, there's 11 attempts, but the 11 attempts don't go to the issue of inquiry, because the statute requires diligent inquiry and effort. There is nothing in the record, and there's no factual dispute, because we're basing it all on the record of the Circuit Court of Will County, as the tax deed was presented and entered, that there was no independent inquiry to try and find Mrs. Cornelius, to try and locate where she was. And, in fact, in the report of proceedings, the attorney suggested we've made 11 attempts. Essentially, what more can we do? Well, the thing that you could do more of is you can knock on the next-door neighbor's door and see if a person is there. Or you can do as was done in the Low Court, where they went and looked at the tax records, they looked at the voters' records, they looked at the house to see if it was vacant or not. They have records of that. They looked at the deeds in the chain of title which this mortgage was in the chain of title. Mr. Mahoney, what do we do with the and in 22-454? And the and is that one, proof by the owner that he was not named as a party in the Section 2220 publication notice and that the purchaser did not make a diligent inquiry and effort to serve the person with the notices required in Sections 2210 through 2230. Do we have to change and to or to accept your argument? That's one of the arguments that we presented in the brief, that there are instances based on the statutory scheme where it really does mean or. But to address it in the and context for the moment, it's clear based on the Devon case that the failure to serve or do anything further under Devon, under Lowe, and under the Flowers-Jones case indicates there is no due diligence. And so that is. That's number two, though, right? That's number two. But that's and. It says proof by the owner that he was not named as a party in the Section 2220 publication notice. Everybody's in agreement that that publication notice was served or was published and that that publication notice does not require the name or address of the county clerk. So we have to do something with the and. And, Justice, so you're aware, and I know you are, that in this instance it really should be or because of the statutory scheme and the legislative intent. But let's assume for a moment that it's not. This was the wrong notice. Because the notice intended by the legislature was the 2210 notice that was never published. And so Mrs. Cornelius' name was never in the correct notice, which should have been published. And so, therefore, it doesn't comply with this notice section because it's not a limitation. It's simply descriptive. So 22454 doesn't apply? Is that what you're saying? No, I'm not saying that, sir. I'm not saying that. What I am saying is that the notice that was published does not conform. And the reason is, another reason is, is that if it was literally read, the 2220 notice, there would never be a publication of the 2210 notice because it talks about any publication under this section and then they go A through F. And so I don't believe, and our position, Your Honor, is that this is not a limitation but merely descriptive of the 2210 notice, which should have been published. And so, Your Honors, from using the wrong form to failure to publish the mandatory 2210 notice to the lack of diligent inquiry, that they did nothing to try and find and locate Mrs. Cornelius, the tax buyer in this case has proceeded, and the record will show, and their brief will show on page 20, I believe, or 22, that you really don't have to follow, in their opinion, the mandatory requirements of this section because they're suggesting that just some notice is all that's required. And that's not what the due process rights under our Constitution require, nor the legislative scheme in this Act to enforce and allow the due process rights permit. And so what I'm suggesting is that under the public policy of Illinois, that the taxpayer in this instance has made many, many missteps, and the policy in Illinois is not to aid that to be done. Mrs. Cornelius is here only asking for the fair opportunity that's allowed and the notices that are required under the Tax Code Act, and we believe that the property owners of Illinois... Time's expired, but I think Justice Thomas has a question. Just a quick one. On the 90 days that was not in the order, is your suggestion similar to Mr. Clark's? Yes. And it's not a record, but there was a tender made. Okay. Thank you. Thank you. Thank you very much. Mr. Clark? Thank you. How are you? I'm fine, thank you. All right, that's good. I want to start where we left off here. Yes, sir. Who in their right mind would try to do a 2210 notice and diligent inquiry if all they had to do was a 2220 notice? Well, because that's not what the statute requires. The statute requires you to come up with a 2210 notice, serve it or attempt to serve it. Excuse me, not serve it, but attempt to serve it. Certified mail, return receipt requested via the circuit clerk, and if the person interested in the property resides in the county, you serve it either through the sheriff or with a private process server. If they reside out of the county, it gets sent to them from the sheriff or a private process server. Certified mail, return receipt requested. The third step is the 2220 notice, which is the publication notice. The publication notice in this case has never been addressed by the trial court or the appellate court is insufficient. So are you saying you had to do both of these elements that we were just talking about? All three. All right, I'm just looking at the two, the 22454, proof that the owner was not named as a party in the 2220. Right. That's not present here. The owner was named in the 2220 notice. And then two, that the purchaser did not make a diligent inquiry in an effort to serve the 2210. Right. And you did that. We believe so, yes. Not only by attempting to serve. I'm interested in if you had to do both. You have to do both. All right. And in order, I believe, to sustain a vacature of the order under a tax deed under 2245, you have to show a failure to comply with both prongs of that statute. I don't believe it's or. It says and, and I believe and means both in that situation, Your Honor. Okay. Now, there's been discussion about what 2220 requires to be published. The statute, quite frankly, to quote counsel from an earlier case, is somewhat Byzantine when it comes to publication requirements, too, because it talks about publication in three different sections. But in 2220, it says more specifically, here's what you need to notice or what you need to set forth in your publication notice. 2230 makes the reference that that notice has to be published with regard to unknown occupants and non-recorded claimants. It's not a separate notice. That's part of the 2220 notice. 2215 refers to the 2210 notice as being made via the 2220 notice. But if the 2220 notice was designed simply to be a complete copy of the 2210 notice in the newspaper, then I would respectfully suggest that the legislature should have said, Tax Deed Petitioner, you will take your 2210 fake notice and you will publish it in the newspaper exactly as you attempted to serve it on the property owner and the interested parties. You will not use this short little list that sets forth these other items. It doesn't make sense to have a whole statute that sets forth a specific list of items that have to be in that statute if you simply are supposed to repeat the format of an earlier notice. Mr. Mahoney discussed some of the notice problems, particularly with the Devon case relating to due process. The Devon case is actually distinct from the case here in that the party who was agreed in that case, and I believe it was Checkmate is the name of the party that was agreed in that case. No, excuse me, it was the bank. Checkmate was the Tax Deed Petitioner. Checkmate totally erred in its property search and did not catch the property interest of one of the owners and left a record owner's name out of the 2210 notices and out of the 2220 publication. And that's why that tax deed was invalidated because there was a basis to vacate it in that case. With regard to the basis for the appellate court decision, in my reading of the conceivably support the appellate court decision to vacate the order for tax deed under section 2245 is subsection 4. And the problem, as Justice Thomas has inquired, is it a two-pronged test or is it a one-pronged test? I believe it's a two-pronged test. There's no support showing that the record owner was not named in the 2220 publication notice. Section 2245.4 does not support vacature of the order for tax deed. The only other possible basis could be 2245.3, but there's no suggestion of fraud or deceit, no finding, no recitation of any facts therein that there was a scheme to defraud or deceive the court or the property owner in the trial court opinion or the appellate court decision. So I don't believe that 2245.3 supports that decision. And the other two sections, again, relate to the property was exempt from taxation or the taxes that have been paid before the order for tax deed. So the only support there is 2245.4, and that's the only basis that this order could be vacated pursuant to section 2-1401 because 2245 is an expressed limitation on section 2-1401 of the Code of Civil Procedure. The problem with void is that if these orders are void, that means that the mercantility of any tax title down the line, and perhaps in the past, is now in serious jeopardy. If I were a purchaser of real estate and I found that my seller acquired title through a tax deed, I would want a microscopic examination of the record in the tax deed proceeding, particularly with regard to these take notices. And I would quite frankly think that if I found any error, errors that this court has allowed before, or lower courts have allowed before, excuse me, the errors in legal description, lack of an address, lack of the courthouse address, I would say I'm not buying it because I don't believe that you have a marketable title. I would think that the title would always be subject to attack down the road at some point in time when somebody figures out whether it's two years, five years, ten years down the road. And Mr. Clark, you don't dispute that 2220 was incomplete? I believe 2220 was complete. I dispute highly that 2220 was complete. Well, maybe I'm not tracking the right section number, but I thought the one notice that Mr. Mahoney referred to had the missing information about the county clerk's office. Is that not in 220, 2220? 2220 is the publication notice that sets forth a little list of eight items that has to be set forth in the publication notice. And there's been no suggestion in the trial court opinion or the appellate trial court's decision that the 2220 notice was defective. It's always rested on the 2210 notice, the notice that was supposed to be served or attempted to be served, excuse me, attempted to be sent certified mail return receipt requested. Okay, I'll go back and double check. But let me ask you, has Mr. Mahoney made the argument that there was no diligent inquiry, the actual inquiry point? What is in the record that shows what you did to inquire about the whereabouts? Well, the problem is we never had an evidentiary hearing. So there's nothing in the record other than the notes on the private process server's return of service. Okay. So absent an evidentiary hearing, we don't know what he did other than what he wrote down. He may have done more, but it's outside the record. Thank you. I would also just like to draw the court's attention to a recent case that's not mentioned in anyone's briefs. It's TCF Bank versus Negron. Just came out of the first district. Facts somewhat similar to this case where a property owner lost their property to a tax deed proceeding. And in that situation, the tax deed applicant or petitioner caused the take notices to be placed for service, certified mail, and the service with the sheriff, using the wrong address. They found the wrong address for the property owners through a LexisNexis search. So instead of trying to serve them at the property address, they tried to serve them at an old address. Matter went to hearing on the petition for tax deed. Trial court took the matter under advisement. Proofs were similar, as in this case, where counsel for the tax deed applicant presented proofs. And on a 214-01 motion, as limited by 2245, even though there was no notice to the property owners, either certified mail or the attempt to service, because of the wrong address on the attempts to service, the trial court decision entering the order for tax deed was affirmed. Thank you. We respectfully ask that the appellate court be reversed. Thank you. Thank you. Case number 118975, Peoples State of Illinois, ex-Ralph Patrick McGuire, et al., DG Enterprises, LLC, Will Tax, LLC, v. Vincent Cornelius. I will be taken under advisement by his agenda 23.